OPINION
Defendant-appellant Miami Valley Contractors, Inc., appeals from the trial court's denial of its motion to stay proceedings pending arbitration. Contractors contends that the trial court erred in holding that this dispute is not subject to the arbitration clause found in its contract with plaintiff-appellee Miami Valley Masonry, Inc. We conclude that because the dispute, when it arose, involved the owner, the City of Springfield, it is not subject to arbitration under the terms of the contract. Accordingly, the judgment of the trial court is Affirmed.
 I
Masonry, a subcontractor, brought this action against Contractors, alleging non-payment, breach of contract, and unjust enrichment, all arising out of its subcontract. Contractors had been awarded the prime contract for General Trade work by the City of Springfield for the project known as "Springfield, Ohio Wastewater Treatment Plant Improvements Contract No. 2 — — Construction Sludge Dewatering Facility."
The contract between Masonry and Contractors included the following clause:
 In the event of any dispute between General Contractor and Subcontractor arising out of or related to this agreement, that does not involve the Owner, the dispute will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect.
Earlier, Contractors had brought an action against the City of Springfield in Clark County, alleging that the City of Springfield had refused to pay Contractors the amount owed under the prime contract. The City of Springfield's defense was based upon alleged problems associated with the selection of brick, and Masonry's failure adequately to staff the project. Both lawsuits revolved around arguments concerning who was to blame for delays to the project involving brick and masonry.
In the Montgomery County action, with which this appeal is concerned, Contractors filed a counterclaim against Masonry, alleging that its failure to perform had resulted in liquidated damages being claimed by the City of Springfield in the prime contract. Contractors also joined the City of Springfield as a third-party defendant in the Montgomery County action. Contractors sought to consolidate the two actions, but the Montgomery County trial court denied this motion.
Ultimately, Contractors and the City of Springfield resolved their dispute, and dismissed with prejudice all claims asserted against each other in the Montgomery County lawsuit. Masonry then attempted, unsuccessfully, to amend its complaint to assert claims against the City of Springfield.
Thereafter, Contractors filed a motion to stay proceedings pending arbitration, and took appropriate steps to submit to arbitration its dispute with Masonry. The trial court denied Contractors' motion to stay proceedings pending arbitration. From the denial of its motion to stay, Contractors appeals.
 II
Contractors' sole assignment of error is as follows:
 THE TRIAL COURT ERRED WHEN IT FAILED TO STATE ITS CASE PENDING ARBITRATION WHEN THE PARTIES HAD AGREED TO ARBITRATE ALL DISPUTES BETWEEN THEM IN A WRITTEN CONTRACT.
As a threshold matter, the parties disagree as to the proper standard of review. Contractors contends that our standard of review is de novo; Masonry contends that our standard of review is abuse of discretion. Because the resolution of the dispositive issue involves the construction of a contract concerning which no evidence was presented in the trial court (such as evidence of trade usage or the intent of the parties), we conclude that the issue of the construction of the contract is purely one of law, and is subject to the de novo standard of review.
Contractors argues that arbitration clauses are favored, citing Council of Smaller Enterprises v. Gates (1998), 80 Ohio St.3d 661. In that case, there was no question that the issue in dispute was within the subject-matter scope of the arbitration provision, which was completely general. The arbitration provision had provided procedural steps for the submission of disputes to arbitration, one of which was a demand in writing within ninety days after the arising of the controversy. The Ohio Supreme Court held that the issue of whether the demand for arbitration in that case had been timely made was, itself, a proper subject of arbitration. The court made much of the fact that the arbitration clause in that contract broadly provided that "all disputes and controversies of every kind and nature between [the parties] that may arise as to the existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination of this agreement shall be submitted to arbitration pursuant to the following: . . . ."
In the case before us, on the other hand, the arbitration clause expressly conditions the scope of those disputes subject to arbitration to those "that [do] not involve the Owner."
There is no question that the owner, the City of Springfield, was involved in this dispute when it arose. Indeed, Contractors' defense against Masonry's argument that it waived arbitration is that until Contractors settled with the City of Springfield, its dispute with Masonry was not subject to arbitration. Contractors argues, however, that its dispute with Masonry became subject to arbitration once that dispute no longer involved the City of Springfield, i.e., when it settled with the City of Springfield. In our view, this is an unreasonable construction of the arbitration provision.
Under Contractors' construction of the arbitration provision, a dispute involving the owner that was properly being litigated in court would suddenly become subject to the arbitration clause whenever the owner were to settle with Contractors, with the result that the trial court would have to dismiss the cause of action, even if the litigation were in the third week of a jury trial. We doubt that the parties could have intended such an absurd result, and we therefore conclude that the more reasonable construction of the arbitration provision is that the dispute between the general contractor and the subcontractor is subject to arbitration if it does not involve the owner at the time that the dispute arises.
Our holding is consistent with the principal that "the question of arbitrability — whether [an] . . . agreement creates a duty for the parties to arbitrate the particular grievance — is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." ATT Technologies, Inc. v.Communications Workers of Am. (1986), 475 U.S. 643, at 649,106 S.Ct. 1415, at 1418, 89 L.Ed.2d 648, at 656, cited approvingly inCounsel of Smaller Enterprises, supra, at 666.
We conclude, as a matter of law, that Contractors and Masonry did not intend to provide that a dispute involving the owner, arising between them, would be subject to arbitration if the dispute with the owner were subsequently to be settled. Accordingly, we conclude that the trial court did not err in denying Contractors' motion to stay the proceedings pending arbitration, and we find it unnecessary to consider Masonry's alternative argument that Contractors waived its right to submit this matter to arbitration.
Contractors' sole Assignment of Error is overruled.
 III
Contractors' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
Joseph P. Moore
Paul M. Courtney
Roger L. Sabo
Stephen R. Kleinman
Hon. Adele Riley